## WOODWARD v. MICKELBERRY.

Circuit Court, Dade County, Civil Appeal.
August 23, 1948.

Copeland, Therrel & Baisden, Miami Beach, for appellant.

Shutts, Bowen, Simmons, Prevatt & Julian, Miami, for appellee.

Before ROSS WILLIAMS, N. VERNON HAWTHORNE, STANLEY MILLEDGE and MARSHALL C. WISEHEART, Circuit Judges.

PER CURIAM.

Unquestionably the plaintiff broker has earned his commission if he found a purchaser ready, willing and able to purchase the defendant's land at a price and terms satisfactory to the owner. The plaintiff procured Mr. Mortell, who leased the land for a year from December 1, 1943, with option to buy, the year's rent of $10,500 to apply upon the option price of $90,000 if the option was exercised. Before the lease and option expired the owner agreed to and later sold the land to Carter and Spruill for $90,000. The optionee was paid back the rent of $10,500 and allowed to continue in possession until June 1944, upon his relinquishing his interest in the land. The documentary evidence to show the transactions subsequent to the lease was offered by the plaintiff but rejected by the court which entered judgment against the plaintiff.

We think this was error and that the plaintiff made out a prima facie case. If Mortell had exercised his option the plaintiff's right to a commission would be indisputable. Assuming assignability, his assignment to Carter and Spruill and their exercise of the option would equally entitle the plaintiff to his commission. The transaction which the plaintiff's proffered evidence reveals, is not technically an assignment of the option by Mortell to Carter and Spruill but, on the face of it, amounts to an assignment so far as the plaintiff's right to a commission is concerned.

The whole series of transactions are to be viewed solely with regard to determining whether the plaintiff procured the purchaser. If the plaintiff was the procuring cause of the resulting sale he is entitled to his commission. There is no practical difference between what actually occurred (on the face of the documents) and the assignment of the option to the ultimate purchaser. In either situation the plaintiff appears to have been the procuring cause of the sale. The defendant suggests that this might be true if the plaintiff had alleged and proved a

fraudulent connection between Mortell and Carter and Spruill. The presence or absence of fraud is of no consequence in this case. It does not sound in tort. The problem is simply one of determining whether the plaintiff, by the evidence received and that proffered, made out a prima facie case showing that he was the procuring cause of the sale. We think the plaintiff did this and that the case should be reversed for a new trial.